Alfred RHINER, Plaintiff-Appellant,

v.

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, Mr. Olugbenga Ogunsanwo, Director of Health, F.D.O.C., Randall Tifft, Regional Director, F.D.O.C., Wexford Health Sources, W.C.F., Lawnwood Regional Medical Center, et al., Defendants-Appellees.

No. 15-15553
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(May 24, 2017)

Alfred Rhiner, Pro Se

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Alfred Rhiner, a Florida prisoner, appeals the *sua sponte* dismissal with prejudice of his *pro se* civil rights complaint against various prison officials and healthcare providers under 28 U.S.C. § 1915A(b)(1). He asks us to reverse the district court's dismissal or allow him to amend his complaint. Because Rhiner's complaint stated a deliberate indifference claim under 42 U.S.C. § 1983 against certain medical professional defendants employed by the state of Florida, the district court erred in dismissing Rhiner's complaint. Accordingly, we reverse and remand for further proceedings.

The district court dismissed Rhiner's complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2), a court must dismiss an *in forma pauperis* proceeding brought by a prisoner if it determines the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C.

§ 1915(e)(2).[1] We review *de novo* the district court's determination, made during a frivolity review pursuant to § 1915A, that an inmate failed to state a claim against a defendant. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). *Pro se* pleadings must be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To prevail on a civil rights action under § 1983, a plaintiff must show a "person acting under color of state law" deprived him of a federal right. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Eighth Amendment governs conditions of confinement for inmates and their treatment while imprisoned. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment, but not every prisoner's claim of inadequate medical treatment rises to that level. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Analyzing an inmate's deliberate indifference claim involves two components: whether the inmate had a serious medical need, and whether the defendant's response to that need was deliberately indifferent. *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). Rhiner's complaint was sufficient to state a § 1983 claim for deliberate indifference against medical staff at Okeechobee Correctional Institution ("Okeechobee") and South Florida Reception Center ("South").[2] First, Rhiner alleged facts demonstrating a serious medical need for treatment of his wounds after a brutal attack and major surgery. *See Brown v. Hughes*, 894 F.2d 1533, 1536–39 (11th Cir. 1990) (reversing grant of summary judgment to defendant jail officials when plaintiff endured a six-hour delay in the treatment of a broken foot). We previously allowed inmates' Eighth Amendment claims to proceed in situations where a delay in treatment caused the inmate unnecessary pain, even when the injury was not life threatening or the delay lacked long-term consequences. *See Harris v. Coweta Cty.*, 21 F.3d 388, 393–94 (11th Cir. 1994) (evidence of a seven-week delay in treating a hand condition created a genuine issue of material fact about deliberate indifference); *Aldridge v. Montgomery*, 753 F.2d 970, 972–73 (11th Cir. 1985) (a directed verdict in favor of jail officials was improper for a two-hour delay in treating a 1.5 inch cut above plaintiff's eye).

Secondly, Rhiner alleged facts to show the medical staffs' awareness of this serious medical need at both Okeechobee and South. He sustained his injuries while confined at Okeechobee. Immediately following his surgery, Rhiner returned to Okeechobee, where the staff examined him and cleaned his wounds on September 10. The medical records show that his wounds were not medically treated again for almost two weeks, and only after Rhiner filed a grievance. Rhiner was likewise ex-

1. A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

2. Rhiner initially filed his complaint against Julie Jones, the Secretary of the Florida Department of Corrections; Olegbenga Ogunsanwo, the Director of Health at the FDOC; Randall Tifft, the Regional Director of the FDOC; Wexford Health Services; Lanwood Regional Medical Center; Rawlerson Hospital, and 17 individual medical professionals from the various facilities. We find Rhiner's complaint was sufficient to state a claim against only the medical staff at Okeechobee and South, including: Dr. Lim, DMD, the head dentist at Okeechobee; Dr. Laria, DDS, the head dentist at South; Dr. Koyama, DMD, the oral surgeon; and Dr. Joffree, a dentist at Okeechobee.

amined upon arrival at South on September 25. Medical records confirm he did not receive any additional treatment during his eight days there. Although he was "escorted to the Medical Department for suture removal" on the day he arrived at South, his sutures were still in place on October 1 and became infected. This supports Rhiner's allegation that South medical staff ignored instructions to remove his sutures on September 25, leading to or exacerbating an infection, and therefore worsening his condition. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) ("a serious medical need is determined by whether a delay in treating the need worsens the condition.").

These allegations sufficiently show Rhiner's serious medical need and that medical staffs at Okeechobee and South were aware of this need and failed to act. Though Rhiner's serious medical need was follow-up wound care rather than the original medical emergency, the unexplained lack of medical treatment he received from September 11 to September 22 at Okeechobee and from September 25 to October 1 at South is sufficient to state a claim for deliberate indifference under § 1983. *Hughes*, 894 F.2d at 1538 ("an unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference"). Thus, we remand the district court's dismissal with respect to medical staff at Okeechobee and South[3] and remand for further proceedings. We affirm the district court's dismissal of claims against all other defendants.

**SO ORDERED.**